IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**KYRON WATKINS**                                                                                    **PLAINTIFF**

v.                                       Civil No.  6:09-cv-6077

**RICHARD GARRETT,**
**Prosecuting Attorney,**
**Hot Springs Circuit Court**                                                              **DEFENDANT**

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate at the Grimes Unit of the Arkansas Department of Correction, at Newport, Arkansas, has filed a pleading by using a form entitled "Form to be Used by Prisoners in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983."  (Doc.  2).  Plaintiff did not pay the full filing fee for this action, but instead filed a Motion for Leave to Proceed *in forma pauperis,* ("IFP").  (Doc.  1).

The matter is presently before the Court for two purposes: (1) to determine whether Plaintiff should be granted IFP status, and (2) for initial screening of Plaintiff's pleading pursuant to 28 U.S.C. § 1915A.  For the reasons discussed below, this Court recommends Plaintiff's IFP application be **DENIED**, and that this action be summarily dismissed pursuant to Section 1915A.

### I.        BACKGROUND

The following facts were presented to the Court in Plaintiff's Complaint.  (Doc.  2).  Plaintiff alleges from August 27, 2007 to August 31, 2007, he was a criminal defendant in a state court jury trial.  *Id.*  at ¶ VII.  The defendant herein was the prosecutor in the state action.  *Id.*  Plaintiff alleges Defendant, as prosecutor in the state action, asked questions of Plaintiff's criminal trial co-defendants

-1-

and made summary remarks in his closing statement regarding Plaintiff and his co-defendants acting "like the three little monkeys that hear no evil and see no evil and speak no evil." *Id*. Plaintiff claims this type of remark in front of an all-white jury, with three Africa-American co-defendants, was improper. *Id*. Plaintiff was convicted of kidnaping and battery, among other charges. *Id*.

Pursuant to state court rules, Plaintiff filed a Rule 37 Motion, and went to court on May 26, 2009 regarding this motion. (Doc. 2, ¶ VII). Plaintiff indicates the judge would not allow him to question the prosecutor regarding the "three monkey" remarks, and the Rule 37 motion was denied without mentioning Plaintiff's argument regarding the remarks. *Id.*

Plaintiff now seeks relief in the form of "a mistrial or trial by error do [sic] to racism on the prosecutor remarks . . .." (Doc. 2, ¶ VIII). Plaintiff also seeks an "undisputable amount that I deserve for mental anguish and defamation of character" as well as an apology from the court. *Id*.

**II.    APPLICABLE LAW**

Because Plaintiff is a prisoner who is seeking redress from governmental agents and entities, his complaint is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A(a). That statute, which is part of the Prison Litigation Reform Act of 1995 ("the PLRA"), requires federal courts to screen the pleadings in all civil actions brought by prisoners against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. If the pleading is "frivolous" or fails to state a legally cognizable claim, the action must be dismissed. 28 U.S.C. § 1915A(b)(1).

To state a claim under 42 U.S.C. § 1983, as Plaintiff is attempting to do here, the complainant must allege facts, which if proven true, would demonstrate that the named defendant(s) violated the

complainant's federal constitutional rights while the defendant(s) acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: *the complaint must allege facts,* which if true, state a claim as a matter of law." *Martin v. Aubuchon,* 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added); *see also, Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985) ("[a]lthough it is to be liberally construed, a *pro se* complaint must contain specific facts supporting its conclusions").

Moreover, "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution. *Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990); *Speed v. Ramsey County,* 954 F.Supp. 1392, 1397 (D. Minn. 1997). Thus, in order to state a cognizable Section 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that allegedly violated the plaintiff's federal constitutional rights.

### III.   DISCUSSION

In this case, the complaint fails to state a claim on which relief may be granted under the Constitution or laws of the United States. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's complaint in this case names only a person who is immune from suit as a defendant in Section 1983 litigation.

Defendant Garrett was the prosecuting attorney in Plaintiff's state criminal case. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.* at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430. *See also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (holding a prosecutor acting as an advocate for the

state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity). Based on the allegations of the complaint, all actions underlying Plaintiff's claims occurred during the state criminal proceeding. Therefore, it is clear the defendant prosecuting attorney is entitled to absolute immunity in this case.[1] *See, e.g., Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996), *cert. denied*, 519 U.S. 867 (1966) (holding county prosecutors were entitled to absolute immunity from suit).

To the extent Plaintiff's complaint seeks injunctive relief against the prosecuting attorney, this relief is not cognizable in this case. While the Supreme Court has not held that prosecutors are immune from declaratory or injunctive relief, *see Pulliam v. Allen*, 466 U.S. 522 (1984), a plaintiff seeking such relief must show some substantial likelihood that the past conduct alleged to be illegal will recur. Plaintiff does not allege such facts in this case. Further, injunctive relief is not appropriate where an adequate remedy under state law exists. *Id.* at 542 & n.22; *see also Bonner v. Circuit Court of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975). Clearly, Plaintiff has adequate remedies available to him through the state appellate courts.

**IV.   CONCLUSION**

Accordingly, I recommend the following: (1) the Motion to Proceed IFP (Doc. 1) be **DENIED**; and (2) Plaintiff's Complaint (Doc. 2) be **DISMISSED** as it fails to state a claim under Section 1983. I also recommend this case be considered a "strike" pursuant to the so-called "three

---

[1] Plaintiff has also filed a Motion to Amend (Doc. 6), in which motion Plaintiff states he intends to amend his Complaint to add the following defendants: Eddy Easely, Teresa Howell, Phyllis Lemons, and Chris Williams. Proposed defendants Easley and Howell are prosecuting attorneys and would be subject to the same analysis applied to Defendant Garrett, *supra*. Proposed defendant Lemons would not be immune from suit, but would not be considered a "state actor" for Section 1983 litigation, because she is a public defender. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Defendant Williams is a circuit court judge and also immune from suit. *See, e.g., Mireles v. Waco*, 502 U.S. 9, 11(1991) (holding "[j]udicial immunity is an immunity from suit, not just from the ultimate assessment of damages"). Thus, even if the Court was to grant Plaintiff's Motion to Amend (Doc. 6), his Complaint would still be subject to dismissal for failure to state a claim upon which relief could be granted.

strikes" provision of the *in forma pauperis* statute, 28 U.S.C. § 1915 (g), and the Clerk of Court be directed to place the appropriate case flag on this case.

Having filed this action, Plaintiff remains liable for the filing fee. *See e.g., In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) (holding even if the petition is dismissed, the full filing fee is still assessed because the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or file an appeal.). For this reason, I further recommend the clerk of the court be directed to collect the $350.00 filing fee from the Plaintiff.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 4th day of May 2010.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE