```
         IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                  HOT SPRINGS DIVISION
```

**KYRON WATKINS**                                                    **PLAINTIFF**

        v.        Civil No. 09-6077

**RICHARD GARRETT**, Prosecuting
Attorney, Hot Springs Circuit
Court                                                                **DEFENDANT**

### O R D E R

    Now on this 22nd day of June, 2010, comes on for consideration the **Report And Recommendation Of The Magistrate Judge** (document #8) in this matter, and plaintiff's **Brief Response To Report And Recommendation Of The Magistrate Judge** ("Objections") (document #9), and the Court, being well and sufficiently advised, finds and orders as follows:

    1.   In this petition brought pursuant to **42 U.S.C. § 1983**, plaintiff KyRon Watkins ("Watkins") alleges that defendant Richard Garrett ("Garrett"), the prosecuting attorney who obtained his conviction, violated his Fourteenth Amendment rights by referring to his co-defendant during cross-examination as "that little monkey that sits around and just sees no evil."  He contends that the same reference was made during closing argument.

    2.   The Magistrate Judge reported that Garrett, as a prosecuting attorney, has absolute immunity for actions occurring during the prosecution of a criminal case, and recommended that Watkins' claim be dismissed.

3.   Watkins first objects that he has not been notified who the judge presiding over his case is, and that he believes he is entitled to such information "before any rulings occur." There is no such requirement, however, and this objection is without merit.

4.   Watkins next objects that he did not consent to the jurisdiction of the Magistrate Judge in this matter, "even to write a report and recommendation." This objection is without merit because his consent is not necessary. This Court may designate a Magistrate Judge to submit "proposed findings of fact and recommendations for disposition . . . of applications for posttrial relief made by individuals convicted of criminal offenses." **28 U.S.C. § 636(b)(1)(B)**.

5.   Watkins next objects that Garrett is no more entitled to immunity for his comments than Don Imus when he made an ill-considered remark on air. The law is to the contrary, as fully explained by the United States Supreme Court in **Imbler v. Pachtman**, **424 U.S. 409 (1976)** ("in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983"). This objection is without merit.

6.   Finally, Watkins objects that this Court might feel like it is "placed between a rock and a hard spot when he is suppose [sic] to be for the state" in deciding this case because "the District Court is state and Plaintiff is sueing [sic] representatives of the state." This objection is without merit.

If this Court had any preconceived notion about the outcome of the matter -- which it did not -- it would be obliged to recuse.  In addition, this Court is not "state," as Watkins suggests, nor "supposed to be for the state" in any sense.  This is a United States District Court, the judges of which -- like the undersigned -- are appointed by the President of the United States.

7.   Finally, the Court notes that Watkins has two other pending motions, one for appointment of counsel and trial by jury, and one for leave to amend.

The proposed amendment would add as defendants Eddy Easely, Prosecuting Attorney; Teresa Howell, Prosecuting Attorney; Phyllis Lemons, Public Defender; and Chris Williams, Judge.  The Magistrate Judge considered whether such an amendment should be allowed, and reported that it should not, because similar immunities cover Easely, Howell, and Williams, and Lemons is not a state actor covered by **§ 1983**.  The Court agrees.  Leave to amend is freely given, but where an amendment would be futile, as here, it need not be allowed.  **Dennis v. Dillard Department Stores, Inc.**, 207 F.3d 523, 525 (8th Cir. 2000).

The motion for appointment of counsel and trial by jury is without merit, in that Watkins' complaint -- as explained in §5 -- is barred by Supreme Court precedent.  Having a trained lawyer to represent him would not change that fact.

**IT IS THEREFORE ORDERED** that the **Report And Recommendation Of The Magistrate Judge** is **adopted** *in toto*.

**IT IS FURTHER ORDERED** that, for the reasons stated in the **Report And Recommendation Of The Magistrate Judge**, Watkins' claim is **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that the Clerk of Court place the appropriate case flag on this case to indicate that it counts as a "strike" pursuant to the "three strikes" provision of **28 U.S.C. § 1915(g)**.

**IT IS FURTHER ORDERED** that the Clerk of Court collect the full $350.00 filing fee from Watkins in this matter.

**IT IS SO ORDERED.**

                                        **/s/ Jimm Larry Hendren**
                                        **JIMM LARRY HENDREN**
                                        **UNITED STATES DISTRICT JUDGE**