IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**KYRON WATKINS**                                                                  **PLAINTIFF**

v.                            Civil No. 6:09-cv-6077

**RICHARD GARRETT,**
**Prosecuting Attorney,**
**Hot Springs Circuit Court**                                     **DEFENDANT**

**REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

Plaintiff, an inmate at the Grimes Unit of the Arkansas Department of Correction, at Newport, Arkansas, has filed a Notice of Appeal (doc. 12) and a Motion to Proceed *in forma pauperis* ("IFP") on Appeal. (Docs. 13 and 14)[1].

The matter is presently before the Court to determine whether Plaintiff should be granted IFP status in his appeal. For the reasons discussed below, this Court recommends Plaintiff's IFP application for his appeal be **DENIED**.

**I.　BACKGROUND**

The following facts were presented to the Court in Plaintiff's Complaint. (Doc. 2). Plaintiff alleges from August 27, 2007 to August 31, 2007, he was a criminal defendant in a state court jury trial. *Id*. at ¶ VII. The defendant herein was the prosecutor in the state action. *Id*. Plaintiff alleges Defendant, as prosecutor in the state action, asked questions of Plaintiff's criminal trial co-defendants and made summary remarks in his closing statement regarding Plaintiff and his co-defendants acting

---

[1] The docket sheet shows identical documents filed as documents numbered 13 and 14 in this matter. Both documents are listed on the docket sheet as "pending."

"like the three little monkeys that hear no evil and see no evil and speak no evil." *Id*. Plaintiff claims this type of remark in front of an all-white jury, with three Africa-American co-defendants, was improper. *Id*. Plaintiff was convicted of kidnaping and battery, among other charges. *Id*.

Pursuant to state court rules, Plaintiff filed a Rule 37 Motion, and went to court on May 26, 2009 regarding this motion. (Doc. 2, ¶ VII). Plaintiff indicates the judge would not allow him to question the prosecutor regarding the "three monkey" remarks, and the Rule 37 motion was denied without mentioning Plaintiff's argument regarding the remarks. *Id.*

Plaintiff sought relief in the form of "a mistrial or trial by error do [sic] to racism on the prosecutor remarks . . . ." (Doc. 2, ¶ VIII). Plaintiff also sought an "undisputable amount that I deserve for mental anguish and defamation of character" as well as an apology from the court. *Id*.

## II.	APPLICABLE LAW

28 U.S.C. § 1915(a)(3) states: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." *See also Henderson v. Norris*, 129 F.3d 481, 485 (8th Cir. 1997) (stating "District courts should continue to certify pursuant to [28 U.S.C.] § 1915(a)(3) and [Fed. R. App. P.] 24(a) whether or not an appeal by any appellant who has moved in the district court to proceed *in forma pauperis* on appeal is or is not taken in good faith. If the district court concludes that such an appeal is not taken in good faith, it shall, pursuant to [Fed. R. App. P.] 24(a), 'state in writing the reasons for the denial.'").

"Good faith" for purposes of 28 U.S.C. § 1915 is the "common legal meaning of the term, in which to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000).

### III.     DISCUSSION

In the Order adopting the Report and Recommendation of the undersigned (doc. 10), the district court denied the Plaintiff's Application for leave to proceed IFP in that court, explaining the named defendant was shielded by immunities, the proposed amendment to the Complaint only proposed defendants who were also shielded by immunities, and the complaint failed to state a claim on which relief may be granted.  (*See* doc. 10).

For the reasons stated in the previous Report and Recommendation of the undersigned (doc. 8), and the Order of the district judge adopting that Report and Recommendation (doc. 10), I recommend the Motion for Leave to Appeal *in forma pauperis* (docs. 13 and 14) be denied.  The appeal is not taken in good faith, as Plaintiff is merely suing on the basis of a frivolous claim.

If this Report and Recommendation of the undersigned is adopted by the district court, I further recommend that pursuant to Fed. R. App. 24(a)(5), the plaintiff be advised he has 30 days, after service of this Memorandum and Order, to file a motion with the Eighth Circuit Court of Appeals for leave to proceed *in forma pauperis* on appeal.  I further recommend that pursuant to Fed. R. App. P. 24(a)(4), the Clerk of Court be directed to send a copy of any Order of the district judge to the parties and the Eighth Circuit Court of Appeals as notice that the plaintiff has been denied *in forma pauperis* status on appeal, and the Clerk shall process this appeal to the Eighth Circuit.

### IV.     CONCLUSION

Accordingly, I recommend the Plaintiff's Motion for Leave to Appeal *in forma pauperis* (docs. 13 and 14) be **DENIED**.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result**

in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this 23rd day of July 2010.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE